UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TAUREAN JAMES-HENRY GRAY,

        Plaintiff,                 Case No. 2:16-cv-132

v.                                        Honorable Gordon J. Quist

M. BROWN, et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Hubbard and Hough. The Court will serve the complaint against Defendants Brown, Bigger, Dunton, and Isard.

## Discussion

    I.    Factual allegations

Plaintiff Taurean James-Henry Gray, a state prisoner currently confined at the G. Robert Cotton Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983

against Defendants Corrections Officers M. Brown and Unknown Bigger, Assistant Resident Unit Manager Kenneth Dunton, Inspector P. Hubbard, Inspector L. Hough, and Deputy Warden D. Isard.

In his complaint, Plaintiff alleges that on January 14, 2014, while he was confined at the Chippewa Correctional Facility (URF), Defendants Brown and Bigger placed Plaintiff in a non-handicap accessible cell in segregation, despite the fact that they were aware that Plaintiff was confined to a wheelchair. This placement resulted in Plaintiff having to sleep in his wheelchair. On January 25, 2014, Plaintiff asked Nurse Haske about being placed in a handicap accessible cell. Nurse Haske stated that she would look into it.

On January 26, 2014, Plaintiff was seated at his desk when Officer Queen came to pick up his food trays. When moving back to his wheelchair, Plaintiff fell. Plaintiff was taken to War Memorial Hospital and was diagnosed as having a contusion on his head and an aggravation of a previous back injury. On January 27, 2014, Plaintiff spoke with Nurse Supervisor Filain and Defendant Dunton. Defendant Dunton told Plaintiff to "file a grievance." On January 28, 2014, Plaintiff filed a grievance and on January 29, 2014, Nurse Filain told Plaintiff that he was to be placed in a handicap accessible cell. Nurse Filain then stated that she emailed Defendants Hough and Hubbard. Later that day, Officer Rose Balm spoke with Defendant Isard about releasing Plaintiff from segregation, but Defendant Isard stated that he was not ready to release Plaintiff. Plaintiff continued to be held in the same non-handicap accessible cell. Plaintiff seeks damages against the named Defendants.

II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more

-2-

than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Court notes that Plaintiff's only allegations against Defendants Hubbard and Hough are that Nurse Filain emailed them regarding Plaintiff's placement in a non-handicap accessible cell. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the

allegedly unconstitutional conduct.  *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982).  *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).  Plaintiff has not alleged facts establishing that Defendants Hubbard and Hough were personally involved in the activity which forms the basis of his claim.  Accordingly, the Court concludes that Plaintiff's claims against Defendants Hubbard and Hough are properly dismissed for lack of personal involvement.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Hubbard and Hough will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendants Brown, Bigger, Dunton, and Isard.

An Order consistent with this Opinion will be entered.


Dated:  August 10, 2016                     /s/ Gordon J. Quist
                                            GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE