UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TAUREAN JAMES-HENRY GRAY,

    Plaintiff,

v.                                                                                        Case No.  2:16-cv-132
                                                                                       HON. GORDON J. QUIST

MICHAEL BROWN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by state prisoner Taurean James-Henry Gray pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that Defendants Michael Brown, Crystal Bigger, Kenneth Dunton, and David Isard placed him a non-handicapped segregation cell in violation of his Eighth Amendment rights.  Plaintiff alleged that on January 26, 2014, he fell and sustained injuries while attempting to move from a desk to his wheelchair.  Defendants filed a motion for summary judgment (ECF No. 25).   Plaintiff has not responded.

        Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing

that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close***,** 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants argues that they are entitled to qualified immunity. "Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Phillips v. Roane County*, 534 F.3d 531, 538 (6th Cir.2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Determining whether the government officials in this case are entitled to qualified immunity generally requires two inquiries: "First, viewing the facts in the light most favorable to the plaintiff, has the plaintiff shown that a constitutional violation has occurred? Second, was the right clearly established at the time of the violation?" *Id.* at 538-39 (citing *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir.2006)); *cf. Pearson v. Callahan*, 555 U.S. 223 (2009) (holding that the two-part test is no longer considered mandatory; thereby freeing

district courts from rigidly, and potentially wastefully, applying the two-part test in cases that could more efficiently be resolved by a modified application of that framework).

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

Defendants Brown and Bigger attest that they did not assign Plaintiff to the segregation cell. Defendants Dunton and Warden Isard became involved only after Plaintiff fell.

3

Plaintiff alleges that after he fell, he spoke with Defendant Dunton who told him to file a grievance. Plaintiff alleges that another corrections officer told him that Warden Isard was not ready to release Plaintiff from segregation.

Plaintiff had a follow-up visit with Health Care Services after his fall. Plaintiff reported that he had a similar fall the previous year and went to the hospital because of his claim of paralysis, but a CT was negative for acute findings. Plaintiff went to the ER after his most recent fall, but the findings were negative. Plaintiff reported that he intended to give the nursing staff problems until he received a "handicap cell." (ECF No. 26-5, PageID.105). In the opinion of the undersigned, Defendants have established that they were not deliberately indifferent to Plaintiff's medical needs and did not have any involvement in placing Plaintiff in segregation in disregard of his personal safety.

Moreover, to the extent that Plaintiff asserted his claims against Defendants in their official capacities, those claims should be dismissed. The Eleventh Amendment bars litigants from suing a state in federal court. When a suit for damages is brought against a state official in his official capacity, the case is one against the state and is barred by the Eleventh Amendment. *Hafer v. Melo*, 502 U.S. 21 (1991). Such a suit "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Id.* at 25 (quoting Monell v. New York City Department of Social Services, 436 U.S. 658, 690, n.55 (1978)). *See also Kentucky v. Graham*, 473 U.S. 159, 165 (1985). As a result, the suit is no different from one naming the state itself. *Hafer*, 502 U.S. at 26 (*quoting Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989)).

4

Accordingly, it is recommended that Defendants' Motion for Summary Judgment (ECF No. 25) be granted and that this case be dismissed in its entirety.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal.  Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $505 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $505 appellate filing fee in one lump sum.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated:   January 22, 2018